IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKY EVERETT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4039 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his prison disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 6), to which petitioner filed a response (Docket Entry No. 9).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Background and Claims*

Petitioner was found guilty of a disciplinary charge for escape, and punished with loss of recreation and commissary privileges, solitary confinement, reduction in line class, and loss of 785 days good time credit. His step 1 and step 2 administrative appeals were denied. Petitioner complains that the evidence was insufficient to support his disciplinary conviction.

*Analysis*

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, a prisoner's rights, if any, are governed by the due process clause of the Fourteenth Amendment to the United States Constitution. *Wolf v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the due process clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the due process clause or from state law. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

The Supreme Court has decided that only those state created substantive interests that inevitably affect the duration of a prisoner's sentence may qualify for constitutional protection under the due process clause. *Sandin*, 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir.1995). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007). Petitioner states, and respondent does not dispute, that he is eligible for mandatory supervised release.

A temporary loss of commissary and recreation privileges does not pose atypical or significant hardships beyond the ordinary incidents of prison life, and due process protections are not impinged. *Madison v. Parker*, 104 F.3d 765, 767–68 (5th Cir. 1997). A claim regarding custodial classification also fails to qualify for federal habeas relief, as a loss of opportunity to earn good time credits does not constitute a constitutionally cognizable liberty interest sufficient to trigger due process protections. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). A loss of good time credit, however, which may be used to determine a prisoner's eligibility for early release from prison, is protected by due process concerns for inmates who, as petitioner, are eligible for mandatory supervised release. *See Teague*, 482 F.3d at 775–76. Thus, the revocation of those credits must comply with minimum procedural due process protections.

It is well settled that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. *Wolff*, 418 U.S. at 564–65. Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited, and procedural due process requires only "some evidence" to support the findings made in the disciplinary hearing. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985); *Broussard v. Johnson*, 253 F.3d 874, 876–77 (5th Cir. 2001). The requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits. *Hill*, 472 U.S. at 455.

The determination of whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.  In other words, if there are "some facts" or is "any evidence at all" that supports the action taken by prison officials, the decision must be upheld on federal habeas review. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

The Court has reviewed the record of the disciplinary hearing in the instant case, and finds that there is some evidence to support the disciplinary conviction.  The finding of guilt was based on the charging officer's report, which included petitioner's admission that he had changed into "free world" clothing, left his secured work area to buy tobacco products, and later returned.  The charging officer also testified to these facts in person at the disciplinary hearing.  Petitioner's disagreements with the accuracy or credibility of the charging officer's report and statements, or with the hearing officer's finding of guilt, do not constitute grounds for setting aside the conviction.  An officer's conduct report or written report can constitute "some" or "any" evidence of an offender's guilt. *Hudson v. Johnson*, 242 F.3d 534, 536–37 (5th Cir. 2001).  Moreover, anonymous or generalized accusations can form the sole basis for disciplinary action against a prison inmate. *Banuelos*, 41 F.3d at 234.  Petitioner was present at the hearing and was represented by counsel substitute, but he presented no witnesses or documentary evidence contradicting the charging officer's report and testimony.

Habeas relief is unwarranted, and respondent is entitled to summary judgment dismissal of petitioner's challenge to the disciplinary conviction.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 6) is GRANTED, and this case is DISMISSED WITH PREJUDICE.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on July 13, 2012.

_____
Gray H. Miller
United States District Judge